IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : | CHAPTER 11 |
| MOSHANNON VALLEY CITIZENS, INC. : | |
| t/a PHILIPSBURG AREA HOSPITAL : | CASE NO. 1:06-bk-00095 MDF |
|     Debtor : | |
| : | |
| MOSHANNON VALLEY CITIZENS, INC. : | ADV. NO. 1:07-ap-00176 MDF |
| t/a PHILIPSBURG AREA HOSPITAL : | |
|     Plaintiff : | |
| : | |
| vs. : | Re: Motion for |
| : | Permanent Injunction |
| ROSEWOOD REAL ESTATE, INC., : | |
| LAWRENCE G. ADAMS, M.D., : | Docket No. 2 |
| PHILIPSBURG REGIONAL MEDICAL : | |
| CENTER & JOHN DOE ENTITIES 1-100 : | |
|     Defendants : | |

## OPINION

On April 18, 2008, this court entered an Order granting a permanent injunction against Defendants ("Injunction Order"). On April 24, 2008, Defendants filed a notice of appeal from the Injunction Order. Presently before the Court is Defendants' motion requesting a stay of the Injunction Order.[1] For the reasons set forth below, the Motion is denied.

Moshannon Valley Citizens, Inc. ("Debtor") filed a complaint seeking preliminary and permanent injunctive relief and damages for breach of contract against Defendants. A preliminary and permanent injunction was granted after the Court determined that Defendants had breached the agreement to purchase Debtor's assets as well as the promissory note and security agreement executed in connection with the purchase. The most significant asset in the

---

[1] Defendants' motion requesting a stay was filed on April 24, 2008 and the court conducted a telephone hearing with counsel for Defendants, for Debtor and for the Unsecured Creditors' Committee. Counsel for the Commonwealth of Pennsylvania, Department of General Services was not available.

purchase agreement was a lease for the use of the facility known as the Philipsburg State Hospital. Debtor had entered into the lease with the Commonwealth of Pennsylvania, Department of General Services (the "Commonwealth") in 1992 at a rent of $1 per year. Under the purchase agreement, Defendant Rosewood Real Estate, Inc. ("Rosewood") assumed the requirements of the lease, which included use of the premises for the operation of a general hospital. Under the terms of the purchase agreement, Rosewood was required to have a hospital in operation by February 1, 2008, which it failed to do. After the Commonwealth determined that Rosewood failed to commence operations as a hospital, as required under the purchase agreement and the lease assignment, and breached other non-monetary covenants of the lease, the Commonwealth notified Rosewood that the lease wouldl be terminated effective April 28, 2008. Counsel for the Commonwealth has stated that after the termination date it immediately will move to eject Rosewood and other parties occupying the premises. If the Commonwealth regains possession of the leased premises, Debtor's primary collateral for the purchase agreement will be lost. The Commonwealth has stated that if Debtor is able to recover its collateral, it will grant Debtor a reasonable time period to resell the hospital, notwithstanding existing breaches in the lease agreement.

## Discussion

A bankruptcy court has the power to stay its order pending an appeal to the district court. *See* Fed. R. Bankr. P. 8005. When considering whether to grant a stay pending appeal, the court must consider: (1) whether the movant is likely to succeed on the merits of the appeal; (2) whether the movant will suffer irreparable harm if the stay is not granted; (3) whether granting the stay will bring substantial harm to other parties; and (4) whether granting the stay will serve

the public interest. *In re Cujas*, 376 B.R. 480, 485 (Bankr. E.D. Pa. 2007); *In re Genesis Health Ventures, Inc.*, 367 B.R. 516, 519 (Bankr. D. Del. 2007).

The decision whether to grant or deny a request for a stay pending appeal is fundamentally an equitable decision. While the above-stated factors are useful to a court in making its analysis, they should not be applied rigidly. In a recent opinion, Judge Frank, Bankruptcy Judge for the Eastern District of Pennsylvania, adopted the analysis of the Bankruptcy Court for the Middle District of North Carolina, which first considered the balance of the respective hardships before measuring the likelihood of success on a sliding scale. *In re Cujas*, 376 B.R. at 486 (citing *In re MAC Panel Co.* 2000 WL 33676784 at *3 (Bankr. M.D.N.C. Mar. 8, 2007). Under this formulation, a stronger showing of the likelihood of success on the appeal is required when the balance of the harm tips in favor of the non-movant. Before I can apply the relevant factors, however, I first must determine the effect on the parties of the grant or the denial of the stay.

If I deny the stay pending appeal, Rosewood and its tenant, Mid-State Medical, will be required to vacate the premises.[2] The lease no longer is property of the estate, it is simply Debtor's collateral. Because any ejectment action by the Commonwealth will not be affected by a stay pending appeal, it is possible that the issuance of a state court order will force Rosewood to vacate before the district court renders a decision on the appeal. Therefore, even if I issue the stay, Rosewood is not guaranteed continued occupancy of the premises pending appeal. If the stay is denied, Debtor will be able to reenter the premises and secure its collateral. However, it

---

[2]Although Mid-State Medical, Dr. Adams's private medical practice, will be inconvenienced by being forced from the facility, the agreement to sublet a portion of the facility to Mid-State violates the express terms of the Commonwealth lease.

3

will not be able to resell the property unless and until the appeal is resolved in its favor. If Rosewood prevails on its appeal and is able to successfully defend the Commonwealth's ejectment action, it will be able to reenter the premises and continue its efforts to open a hospital.

If I grant the stay pending appeal, Rosewood will be permitted to remain in possession of the property until the appeal is resolved unless it is otherwise ejected by the Commonwealth. Debtor will be unable to resell the property in any event until the appeal is resolved.

I find that neither party will be harmed significantly by the issuance of the stay. Rosewood has made improvements to the property since the first hearing on the motion for preliminary injunction and many of the concerns related to damage due to lack of heat are no longer an issue because it is now spring rather than winter. Rosewood has agreed to provide Debtor with access to the premises to enable Debtor to verify the condition of the equipment. It is unlikely that the facility will be subject to deterioration during the appeal period. While Debtor is anxious to obtain possession so that it can resell the personal property and assign the lease, it cannot consummate a sale pending a final resolution of the appeal.

However, it was Rosewood's burden to demonstrate that it would be subject to irreparable harm in the absence of a stay – a burden it has failed to meet. Rosewood states that it will be irreparably harmed because it will not be able to continue to make improvements to the facility and will not be able "to operate as a medical facility in order to generate income to continue with payment for both the improvements and payment under the contract" if a stay is not granted. These assertions fail to establish that Rosewood will suffer irreparable harm. Any improvements Rosewood made to the premises after it was notified by the Commonwealth that it was terminating the lease were made at its own risk. Further, Rosewood is not operating a

4

hospital out of the facility, the use envisioned in the lease. If the stay is not granted, Dr. Adams will be unable to continue to operate his private practice from the facility. But this sublease of the property was not approved by the lessor, therefore any hardship imposed upon him is irrelevant.

Even if Rosewood had demonstrated that it would suffer a greater degree of injury without the stay than Debtor would suffer with a stay, Rosewood is unable to make a strong showing of success on the merits. The Court reaffirms its determination that Rosewood has breached the agreement for the purchase of Debtor's assets and has breached the promissory note and security agreement executed in connection with the sale. Rosewood also has failed to comply with the terms of the Commonwealth lease which it assumed as part of the sale.

The final issue to be addressed by the Court is whether the granting of the stay would serve the public interest. Although the public interest would be greatly served by the renewed operation of a hospital at the Philipsburg facility, I fail to see how the issuance of a stay furthers that objective.

For the reasons set forth above, an order will be entered denying Defendants' Motion.

**By the Court,**

*[signature: Mary D. France]*
**Bankruptcy Judge**

Date: April 27, 2008

*This document is electronically signed and filed on the same date.*

5